```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**
**VS.**                                                **CRIMINAL NO. 3:05-cr-81-WHB**

**JAMES MONROE CHILDRESS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant James Monroe Childress ("Childress") for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). As Childress is proceeding on this Motion *pro se*, his pleading has been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

On August 3, 2005, Childress pleaded guilty to one count of possession with intent to distribute 50 grams of cocaine base and less than 500 grams of cocaine hydrochloride all in violation of 21 U.S.C. § 841(a)(1). On October 17, 2005, Childress was sentenced to a 120-month term of imprisonment, to be followed by 5 years of supervised release, and was ordered to pay a fine in the amount of $1,500 and a special assessment in the amount of $100. Childress's sentence was calculated from a base offense level of 32. He was granted a 3-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 resulting in a total offense level of 29. The total offense level, combined with a

Criminal History Category II, resulted in a sentencing guideline range between 97 and 121 months. Childress, however, was subject to a statutory minimum term of imprisonment of 120 months. See 21 U.S.C. 841(b)(1)(A). Childress has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on recent changes to U.S.S.G. § 2D1.1, specifically Amendment 706 (as amended by Amendment 711), which lowers the sentencing range for certain cocaine base-related offenses.

> Under 18 U.S.C. § 3582:
>
> The court may not modify a term of imprisonment once it has been imposed except that –
>
> ....
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994)). When exercising his discretion, the district judge must "consider the sentence it would have originally imposed had the

guidelines, as amended, been in effect at the time." Id. (citing U.S.S.G. § 1B1.10(b)). Specifically, U.S.S.G. § 1B1.10 provides:

> (b) Determination of Reduction in Term of Imprisonment.
>
> (1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). In the present case, had the amended Sentencing Guidelines been applicable, there would be no change in the sentence Childress received as he was statutorily subject to a minimum term of imprisonment of 120 months. Thus, the Court finds that the recent changes to U.S.S.G. § 2D1.1 would not lower the sentence imposed in this case. Accordingly, the Court finds that Childress's Motion for Modification of Sentence should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 24] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to Defendant at his last known address.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to the United States Department of Probation for the Southern District of Mississippi.

SO ORDERED this the 26th day of June, 2008.

                                                      s/William H. Barbour, Jr.
                                                     UNITED STATES DISTRICT JUDGE